FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 AUG 28 PM 2:53

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL G. PHILLIPS,        }
                            }
    Plaintiff               }
                            }   CIVIL ACTION NO.
vs.                         }
                            }   CV-97-AR-1636-S
UNIVERSITY OF ALABAMA HEALTH}
SERVICES FOUNDATION, P.C.,  }
                            }
    Defendant               }

ENTERED

AUG 28 1997

**MEMORANDUM OPINION**

Plaintiff, Michael G. Phillips ("Phillips"), alleges that defendant, University of Alabama Health Services Foundation, P.C. ("UAHSF"), violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, wrongfully terminated plaintiff, and breached an employment contract. In its answer, UAHSF asserts that Phillips's complaint contains procedural defects and raises several affirmative defenses. The court deems UAHSF's response to contain a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Following the August 15, 1997, motion docket, the court took UAHSF's motion to dismiss under advisement. For the following reasons, the court now concludes that four of the five counts in Phillips's complaint should be either partially or entirely dismissed.

1

### Phillips's ADEA Claim.

Count I of the complaint alleges violations of the ADEA. Based on the alleged ADEA violations, Phillips seeks monetary damages for "economic loss" and "severe mental anguish." UAHSF contends that Phillips fails to state a claim upon which the court can grant relief under the ADEA.

In <u>Johnson v. Al. Tech Specialties Steel Corp.</u>, 731 F.2d 143 (2d Cir. 1984), the Second Circuit held that neither punitive nor compensatory damages for emotional distress can be recovered under the ADEA. <u>Id</u>. at 147. According to the Second Circuit, to allow such recovery would "deter victims of discrimination from fully participating in the informal conciliation contemplated by the ADEA." <u>Id</u>. Additional authority, local to courts within the Eleventh Circuit, supports this position, with which this court agrees. In <u>McLaren v. Emory University</u>, 705 F.Supp. 563, 566 (N.D.Ga. 1988), the court noted that recovery for nonpecuniary losses, such as emotional distress, is not available under the ADEA. Courts in the Northern District of Alabama have observed the same limitation. <u>Id</u>. Thus, with respect to Phillips's claims for "severe mental anguish," UAHSF correctly asserts that Phillips fails to state a basis for such relief.

UAHSF's argument regarding Phillips's claim for "economic loss" is less certain. Although the ADEA does not allow

recovery for <u>future</u> economic losses, <u>Kolb v. Goldring, Inc.</u>, 694 F.2d 869, 874 n.4 (1st Cir. 1982), it does not categorically exclude <u>all</u> economic losses. In a case with which this court is intimately familiar, the Eleventh Circuit has noted that the legislative history of the ADEA shows that ADEA recovery includes "items of pecuniary or <u>economic loss</u> such as wages, fringe, and other job-related benefits." <u>Goldstein v. Manhattan Industries Inc.</u>, 758 F.2d 1435, 1446 (11th Cir. 1985) (quoting H.R.Conf.Rep. No. 95-950, 95th Cong., 2d Sess. 13, *reprinted in* 1978 U.S.C.C.A.N. 504) (emphasis supplied). Thus, whether a plaintiff's request for economic loss fails to state a basis for relief under the ADEA depends on what sort of economic loss the plaintiff is seeking to recover. The nature of the recovery for economic loss Phillips is requesting as a part of his ADEA claim is not clear from his complaint and must remain to be fleshed out.

### **Phillips's claim for "wrongful termination."**

Count III alleges that UAHSF wrongfully terminated Phillips in violation of Alabama law. UAHSF urges a dismissal of Phillips's said claim because Alabama law does not recognize such a claim. There is more than ample support for UAHSF's position. For more than 100 years, Alabama has observed the "at-will"

3

employment doctrine.  See Howard v. East Tennessee V. & G. Ry., 8 So. 868 (Ala. 1891).

The at-will doctrine provides that "employment is terminable at will by either party for any reason unless there is an express and specific contract for lifetime employment or employment for a specific duration."  Howard v. Wollf Broadcasting Corp., 611 So.2d 307, 310 (Ala. 1992).  The Alabama Supreme Court has noted as recently as 1992 that "[a]lthough this doctrine has been criticized as harsh, it remains the law of Alabama."  Id. at 309. Moreover, "the [Alabama Supreme Court] has so far declined to judicially create a public policy exception to the employment 'at-will' doctrine."  Id. at 312.  Rather, the court rightly leaves it to the state legislature to create such exceptions if it chooses to create a new public policy for Alabama.  Id.  To date the legislature has created only two exceptions to the at-will doctrine.  The first deals with employees who are discharged for filing worker's compensation claims.  Ala. Code § 25-5-11.1 (1975).  The second deals with employees who are discharged for performing jury duty.  Ala. Code § 12-16-8.1 (1975).  It is only under these two exceptions to the at-will doctrine that Alabama law recognizes claims for wrongful termination.

Count III alleges that UAHSF wrongfully terminated Phillips "against the public safety of this state . . . and in retaliation

4

against Phillips in an effort to keep secret . . . its own fraudulent and illegal scheme of false reporting of the finances of its Alabama Organ Center." Nothing in Phillips's complaint suggests that his claim for wrongful termination falls within either of the exceptions recognized by Alabama. Consequently, he fails to state a claim for wrongful termination.

### Phillips's claim for breach of an employment contact.

Count IV alleges that UAHSF "breached the provisions of its contract for employment with [Phillips] as set forth in writings and declarations by [UAHSF]." UAHSF asks that the court dismiss Phillips's said claim. Given the early stage of this case, the court opts to give Phillips time for discovery relating to his employment contract claim. The court, therefore, converts UAHSF's motion to dismiss Phillips's claim for breach of an employment contract into a Fed.R.Civ.P. 56(b) motion for summary judgment to be taken under submission as per the accompanying order on all briefs and materials timely filed. In addition, the court orders Phillips, pursuant to Fed.R.Civ.P. 12(e), to file by 4:30 p.m. on September 12, 1997, a more definite statement of what "writings and declarations" embody the purported contract of employment.

5

## Count II and Count V and Phillips's failure to comply with Fed.R.Civ.P. 9(b).

Count II alleges that "defendant has been engaged in a plan and scheme of false, fraudulent and illegal accounting and reporting of finances regarding the Alabama Organ Center." Count V alleges that "defendant has engaged in fraud, misrepresentation and deceit by creating false accusations against plaintiff." UAHSF points out that Phillips's complaint fails to state a cause of action in these aspects because it does not aver "fraud, misrepresentation and deceit" with the particularity required of Fed.R.Civ.P. 9(b). UAHSF correctly asserts that the statements found in Count II and Count V do not satisfy Rule 9(b).

In *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997), the Eleventh Circuit explained that "Rule 9(b) must be read in conjunction with Rule 8(a) . . . which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Id.* The court went on to note that:

> Rule 9(b) may be satisfied if the complaint sets forth:
> 1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> 2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and
> 3) the content of such statement and the manner in which they misled the plaintiff, and

6

>   4) what the defendant[] "obtained as a consequence of the fraud."

Id. Finally, the Court observed that requiring allegations of fraud to be made with particularity "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Id. (quoting Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988)). In Brooks, the Court determined that plaintiff's amended complaint failed "to set forth the time, place and manner in which any specific predicate act [of mail fraud] occurred." Id. at 1381. Consequently, the "allegations [provided] no basis in fact upon which the Court could conclude that any specific act of any specific defendants is indictable for mail or wire fraud." Id. Although the Court dispensed with the fraud allegations on summary judgment, it concluded that the claims "would nonetheless be subject to dismissal in their entirety for failure to plead fraud with particularity." Id. at 1381-82.

The nebulous fraud allegations in Count II and Count V are even less elaborate than those described in Brooks. Phillips's complaint certainly does not "set forth the time, place and manner" of the alleged fraud. As a result, Phillips's fraud

7

allegations do not satisfy the Eleventh Circuit's reading of the requirements of Rule 9(b). Phillips's failure to meet the threshold requirements of Rule 9(b) render Count II and Count V of the complaint procedurally defective.

### Conclusion.

An appropriate separate order designed to represent the foregoing conclusions will be entered.

DONE this 28th day of August, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT