FILED

97 SEP 24 AM 10: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 2 4 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL G. PHILLIPS,        }
                            }
     Plaintiff              }
                            }      CIVIL ACTION NO.
vs.                         }
                            }      CV-97-AR-1636-S
UNIVERSITY OF ALABAMA HEALTH}
SERVICES FOUNDATION, P.C.,  }
                            }
     Defendant              }

### MEMORANDUM OPINION

The court has before it the motion of defendant, the University of Alabama Health Services Foundation, P.C. ("UAHSF"), for partial summary judgment on the claim of plaintiff, Michael G. Phillips ("Phillips"), for breach of an employment contract. Said claim appears in Phillips's complaint as Count IV. For the following reasons, the court determines that no genuine issue of material facts exists with respect to said claim and, therefore, that UAHSF is entitled to judgment as a matter of law on said claim.

### I. Pertinent Undisputed Facts

Beginning in June, 1981, UAHSF employed Phillips as the Director of its Alabama Organ Center. The Alabama Organ Center works primarily to procure human organs for use in organ transplant procedures and research. As a part of its employment

practices, UAHSF issues an employee manual to each of its employees. All UAHSF employees, including Phillips, received an employee manual with an effective date of January 1, 1994 ("the 1994 Employee Manual"). DePew Aff. ¶ 2.

At some point, UAHSF placed Phillips on an involuntary leave of absence. UAHSF subsequently terminated Phillips's employment on February 28, 1997. Phillips did not have an express, written contract of employment with UAHSF. DePew Aff. ¶ 4. At the time of his termination, the 1994 Employee Manual issued previously to Phillips remained in effect. The 1994 Employee Manual contained at least two disclaimers stating that nothing in the manual should be construed as a contract of employment. DePew Aff. Ex. A.

Following his termination, Phillips filed a discrimination charge with the Equal Employment Opportunity Commission. He received a right to sue letter from that agency. Finally, he filed the above-entitled action alleging, *inter alia*, discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and breach of an employment contract.

## II. Analysis

### A. *Rule 56*

Rule 56 states in pertinent part:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Eleventh Circuit stated the obvious when it observed that "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). UAHSF has invoked Rule 56.

### B. *Phillips's Claim for Breach of an Employment Contract*

As an initial matter, the court notes that it previously instructed Phillips to provide a more definite statement of the "writings and declaration" that embody his alleged contract of employment. Phillips failed to do so. In addition, Phillips submitted no briefs or supporting materials in opposition to UAHSF's motion for summary judgment on this claim for breach. However, the court has an obligation under Rule 56 to consider what evidence has been submitted by the parties in the light most favorable to Phillips, and it will do so.

Alabama law long ago embraced the "at-will" employment doctrine. *See* Howard v. East Tennessee V. & G. Ry., 8 So. 868 (Ala. 1891). The at-will doctrine provides that either party may

3

terminate the employment relationship at any time without cause or justification. See Howard v. Wollf Broadcasting Corp., 611 So.2d 307, 310 (Ala. 1992). In other words, an employer may discharge an employee for "a _good_ reason, a _wrong_ reason, or _no_ reason" whatsoever. Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 728 (Ala. 1987) (emphasis in original). Under Alabama law, in order to establish that one has something other than an employment contract that is terminable at-will, he or she must show:

> "(1) that there was a clear and unequivocal offer of lifetime employment or employment of definite duration, (citation omitted), (2) that the hiring agent had authority to bind the principal to a permanent employment contract, (citation omitted), and (3) that the employee provided substantial consideration for the contract separate from the services to be rendered, (citation omitted).

Id.

Phillips does not dispute that he had no express, written contract of employment for any duration with UAHSF. Nevertheless, Count IV of the complaint alleges that UAHSF "breached provisions of its contract of employment with [Phillips] as set forth in writings and declarations by [UAHSF]." Given that Phillips has failed to supply the court with a more definite statement of the "writings and declarations" to which he refers, the court must assume, as UAHSF suggests, that Phillips's claim for breach rests on the contention that the provisions

4

contained in the 1994 Employee Manual create an implied contract of employment. Such a contention is not without support in Alabama law. *See* Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 735 (Ala. 1987) (finding that language contained in employee handbook could be sufficient to create binding unilateral contract of employment). However, the Alabama Supreme Court limited the availability of this argument when it observed that:

> Indeed, if the employer does not wish the policies contained in an employee handbook to be construed as an offer for a unilateral contract, he is free to so state in the handbook. Thus, this Court has refused to hold the provisions of a handbook enforceable against an employer where the handbook at issue expressly stated the following:
>
>> "This Handbook and the policies contained herein do not in any way constitute, and should not be construed as a contract of employment between the employer and the employee, or a promise of employment."

Id. at 734 (quoting McClusky v. Unicare Health Facility, Inc., 484 So.2d 398, 400 (Ala. 1986)).

In the instant case, the undisputed evidence reveals that the 1994 Employee Manual contained two disclaimers. The first disclaimer, located in the "Introduction," states:

> This handbook is not a contract of employment. The Handbook may be rescinded or modified at any time. While every effort is made to state accurately the current policies of UAHSF, nothing in this handbook, or in the UAHSF Policies and Procedures Manual, or any written or verbal communication, is, or should be, construed as an employment contract.

DePew Aff. Ex. A (emphasis supplied). The second disclaimer,

located in the section entitled "Management Rights," states that "[n]othing contained in this handbook or in the UAHSF Policies and Procedures Manual or any other written or verbal communication of any kind constitutes a contract of employment." Id.

In light of the authority discussed above, it is clear that, because of these disclaimers, Phillips may not rely on the provisions of the 1994 Employee Manual as the basis of an implied contract of employment with UAHSF. Therefore, absent some other showing that he and UAHSF shared a contractual relationship, Phillips has failed to demonstrate that his employment with UAHSF was anything other than at-will. Consequently, UAHSF is entitled to judgment as a matter of law on his claim for breach of contract of employment.

### Conclusion

The court will enter a separate and appropriate order in accordance with this memorandum opinion.

DONE this 24th day of September, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE