FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 NOV -5 PM 3:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL G. PHILLIPS,                }
                                    }
    Plaintiff                       }
                                    }   CIVIL ACTION NO.
    vs.                             }
                                    }   CV-97-AR-1636-S
UNIVERSITY OF ALABAMA HEALTH        }
SERVICES FOUNDATION, P.C.,          }
                                    }
    Defendant.                      }

ENTERED

NOV 5  1998

### MEMORANDUM OPINION

Presently before the court is a motion for partial summary judgment filed by defendant, University of Alabama Health Services Foundation ("the Foundation"). Plaintiff, Michael G. Phillips ("Phillips"), in his original complaint and two subsequent amendments, has asserted against the Foundation claims of discrimination and retaliation in violation of the Age Discrimination in Employment Act ("the ADEA"), 42 U.S.C. § 621 *et. seq*, and state law claims of wrongful discharge, breach of contract, fraudulent conduct, invasion of privacy by casting a false light, and slander. By orders dated August 28 and September 24, this court dismissed all claims of wrongful discharge, breach of contract and fraudulent conduct. Only Phillips' false light invasion of privacy, slander, and ADEA claims remain.

Defendant's motion seeks summary judgment on the claims of false light and slander. In its response brief, plaintiff concedes that his allegation of slander is "due to be dismissed or made the subject of partial summary judgment." As a result of plaintiff's concession, only

the allegation of false light invasion of privacy remains a point of contention. For the reasons set forth in this opinion, defendant's motion for partial summary judgment on the claims of false light invasion of privacy and slander is due to be GRANTED.

## Background

From 1981 until 1997,[1] Phillips served as associate director or director of the Alabama Organ Center ("the AOC"), a division of the Department of Surgery, which is in turn a division of the Foundation. Phillips was placed on an involuntary leave of absence beginning July 19, 1996. His employment was officially terminated February 28, 1997. While the motivations and events underlying plaintiff's termination form the basis of this lawsuit, only the information set forth below is relevant to the false light claim.

Plaintiff alleges that individuals at the Department of Surgery misrepresented the general "fund balance" of the AOC in reports to the Foundation's Board and the Medical Advisory Board of the AOC (collectively "the Board reports"), and to Medicare. Phillips admits that he had no part in preparing the reports, but claims that defendant's misrepresentations placed him in a false light because the allegedly false reports bore his name. Plaintiff infers that the misrepresentation was made with knowledge of or in reckless disregard for the falsity of the information because he repeatedly raised his

---

[1] It appears that Phillips was fired in July of 1985 by Dr. John Welchel, then medical director of the AOC, for alleged disciplinary problems. By letter of October 28, 1985, the Chairman of the Department of Surgery, Dr. Arnold Diethelm reinstated Phillips as director of the AOC.

2

concerns about AOC's finances to the individuals primarily responsible for preparing the report.[2]

In response, defendant contends that Phillips' false light claim must fail because the information contained in the report was not false, did not concern Phillips' character, history, activities or beliefs, did not place plaintiff in a highly offensive light, and was not publicized.

## Discussion

In *Schifano v. Greene Cty. Greyhound Park*, the Supreme Court of Alabama recognized a plaintiff's ability to recover for invasions of privacy in which a defendant places the plaintiff in a false light. 624 So.2d 178, 180 (Ala. 1993). *Schifano* essentially adopted the words of § 652E *Restatement of Torts 2nd*, articulating the required elements of a false light claim as: (1) publicity (2) of false information (3) regarding a matter concerning plaintiff (4) that puts plaintiff in a false light (5) that is highly offensive to a reasonable person, and (6) defendant must have had knowledge or acted in reckless disregard as to the falsity of the publicized matter and the false light in which plaintiff would be placed.[3] See *id*.

---

[2] These individuals were Dr. Arnold Diethelm, Chair of the Department of Surgery and Reid Jones, the Executive Administrator of the Department of Surgery.

[3] *Restatement of Tort 2nd*, § 652E states:
One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be *highly offensive* to a reasonable person, *and* (b) the actor had knowledge of or acted in reckless disregard as to the *false light* in which the other would be placed.

Although Phillips can establish that the Foundation provided false information to Medicare on the reports for 1992, 1993, 1994, and 1995, and may be able to show a genuine issue of material fact with regard to the publicity given to the information and the extent of the Foundation's knowledge of the false information, Phillips does not demonstrate a genuine issue of material fact with regard to the remaining required elements. Specifically, Phillips does not (and cannot) show that the false information was about "a matter concerning the plaintiff" as this phrase has been interpreted by courts of various jurisdictions. Phillips also fails to put forth evidence demonstrating that the information put him in a false light at all, let alone one that would be highly offensive to a reasonable person. Because Phillips has not shown a genuine issue of fact as to all required elements, his false light claim cannot survive summary judgment.

**Misrepresentation to Medicare**

"It is essential . . . that the matter published . . . is not true." *Restatement of Torts 2nd*, § 652E, comment (a). Defendant argues that neither the Medicare reports for the years in question nor the Board reports for the same period contain false information, yet it concedes that the 1992 Medicare report overstated the general fund balance of the AOC by $750,000. Defendant explains that the AOC reports to Medicare inadvertently failed to reflect a 1991 transfer of $750,000 from the AOC to the Division of Transplantation.[4] Because the error was not discovered until 1996, the general fund balance was also overstated

---

[4] The Board reports did reflect the transfer.

4

in the AOC reports to Medicare for the years 1993, 1994, and 1995. Regardless of whether the omission was inadvertent or intentional, and regardless of the fact that the erroneous information did not affect the amount of money AOC was to receive from Medicare, the fact remains that four Medicare reports overstated the AOC's fund balance by $750,000. Phillips has therefore successfully shown that the Foundation communicated false information.

### Information "Not a Matter Concerning Plaintiff"

Although the information communicated to Medicare was false, the information was not a "matter concerning plaintiff" as that phrase has been construed. An extensive survey of cases has produced no examples of false claims based on information that only indirectly concerns a plaintiff. Rather, every case researched involves the communication of information that specifically relates to the plaintiff himself or herself. See *Grimsley v. Guccione*, 703 F. Supp. 903 (M.D.Ala. 1988) (plaintiff claims false light invasion of privacy when defendant Penthouse magazine published article entitled "Birth of a Hemorrhoid" and recounts plaintiff's unexpected birth of a child); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012 (1st Cir. 1988) (plaintiffs sue Penthouse after it publishes photograph of 4 young girls referring to them as "amazons" and indicating that they repeatedly attack male classmates at recess); *Simon v. Union Hosp. of Cecil County, Inc.*, 15 F. Supp.2d 787 (D.Md. 1998) (plaintiff physician claims false light when former employer and former co-workers tell plaintiff's present

5

employer that plaintiff was terminated for irregularity in billing practices); *Jones v. HCA Health Serv. of Kansas,* 1998 WL 159505 (D.Kan) (plaintiff sues former employer for disclosing to co-workers and plaintiff's counselor that plaintiff was abusing drugs).

In this case, any connection between the false information and Phillips requires a number of inferences and assumptions, some beyond Aristotle's capability, much less the average logician. These inferences include the assumption that because Phillips was director of the AOC and listed as a second "contact person" on some of the Medicare reports, Phillips was charged with some responsibility in connection with the report. The next necessary inference requires an assumption that Phillips either was or was not aware that the report did not reflect the $750,000 transfer. If one assumes that Phillips *was* aware of the inaccuracy but did nothing, one might infer that he did nothing because he was involved in some impropriety concerning the money. Alternatively, if one assumes that Phillips *was not* aware of the inaccuracy, one might make the further assumption that he should have known about the inaccuracy and that his unawareness reflects poorly on his ability as director of the AOC. The reasonableness of these assumptions will be addressed in the next section, they are noted here only to illustrate the attenuated connection between the false information and Phillips. In light of the existing case law, this tenuous set of assumptions and inferences cannot sustain a claim for damages under a false light theory. The inaccurate general fund balance reported to Medicare simply is not "a matter concerning the plaintiff."

6

### Information Doesn't Put Phillips in Highly Offensive False Light

Phillips has also failed to put forth any evidence indicating that the Foundation's communication of the false information placed him in a false light that was highly offensive. The comments to § 652E indicate that a plaintiff is placed in a highly offensive false light when there is such a major representation of his or her character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable person in same position. In considering whether the conduct of a particular defendant rises to this level, several courts, including the United States District Court of Alabama for the Middle District, have suggested that a "court should make a threshold determination of whether a statement is capable of implying the objectionable association of which plaintiff complains." *See Fudge*, 840 F.2d at 1018; *Clements v. WHDH-TV, Inc.*, 1998 WL 596759 (R.I.Super) (quoting *Fudge*, 840 F.2d at 1018); *Grimsley*, 703 F. Supp. at 910 (finding no false light invasion of privacy where article was not reasonably capable of implying the objectionable association that plaintiffs consented to publication in Penthouse or endorsement of Penthouse). In making this determination, the court's evaluation is not limited to the false information alone, but rather can include the entire communication. *See Fudge*, 840 F.2d at 1016 (in considering defamation claim, court views article as a whole and broader social context in determining whether article supports objectionable association); *see also Grimsley*, 703 F. Supp. at 910 (false light claim is indistinguishable from defamation claim).

7

Viewing the Medicare report as a whole, in this case no negative inference can reasonably drawn from the fact that Phillips was director of the organization reporting inaccurate information to Medicare or the fact that he was named in some capacity in the report. The Medicare reports for fiscal years 1995 and 1996 (the only actual reports submitted as evidence by either Phillips or the Foundation) bear only the signature of Reid Jones as attesting to the accuracy of the report. The only place that Phillips' name appears at all is in the 1996 report. A form that appears to be for record-keeping purposes rather than reporting purposes lists Phillips as a "second contact person." The deposition testimony of both Phillips and Foundation employees corroborates Phillips' lack of involvement in the preparation of all financial reports and indicates that the reports for 1992, 1993, and 1994 were prepared in the same fashion -- specifically, without Phillips' involvement. Because Phillips' absence of responsibility with regard to the Medicare report is apparent on the face of the report itself, the false information contained in the reports is not reasonably capable of implying the objectionable association of which Phillips complains. *See Fudge,* 849 F.2d at 1016; *Grimsley,* 703 F. Supp. at 910.

### Conclusion

Having concluded that Phillips has failed to demonstrate genuine issues of fact on all elements required in his false light claim, and, to the contrary, that defendant has shown that no genuine issues of material fact exist, the court finds no need to address the questions of publicity or the extent of the Foundation's knowledge of the falsity

of the information. Phillips' inability to present evidence creating an issue of fact on *all* elements prevents him from surviving summary judgment despite the fact that there may be legitimate factual issues on *some* of the elements. In short, the scenario presented by Phillips is simply not the type of situation the tort of invasion of privacy by false light was intended to reach. An appropriate order granting the Foundation's motion for summary judgment on the state law claims of invasion of privacy by false light and slander will be separately entered.

DONE this 5 day of November, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE